Filed 9/16/25  P. v. Lino CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B337964 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA095502 |
| v. | |
| OWEN VINCENT LINO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Jacqueline H. Lewis, Judge.  Dismissed.

Lisa Jensen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

# I.    INTRODUCTION

Defendant Owen Lino appeals from the trial court's order declining to exercise its discretion to resentence him under Penal Code section 1172.1.[1]  We dismiss the appeal as taken from a nonappealable order.

# II.    BACKGROUND

On November 11, 1994, a jury found defendant guilty on 14 felony counts, including multiple counts of robbery, rape in concert, oral copulation in concert, assault to commit rape, and grand theft of a motor vehicle.  The jury also found multiple firearm enhancement allegations to be true.  The trial court originally sentenced defendant to a term of 95 years and 8 months, but in 2000 the court issued an amended abstract of judgment reducing defendant's sentence to 85 years and four months.

On April 2, 2024, defendant filed a petition for recall and resentencing pursuant to section 1172.1.  On April 17, 2024, the trial court read and considered the petition and ruled that no further action would be taken with respect to it.  Defendant then filed a timely notice of appeal.

Following appointment of counsel, defendant's attorney filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) stating that she had reviewed the entire record and found no arguable issues on appeal.  She requested that we follow the procedures outlined in *Delgadillo* and permit

---

[1]    All further statutory references are to the Penal Code.

defendant to file supplemental briefing of any issues he wanted this court to consider.

On April 23, 2025, this court sent defendant notice that his appointed counsel had filed a brief that raised no issues. This court directed his counsel to send him the record, and advised defendant that he had 30 days within which to file a supplemental letter brief with this court stating any grounds for an appeal, or contentions, or arguments that he wished this court to consider and that, if no supplemental brief or letter was timely filed, the court may dismiss the appeal as abandoned.

On May 19, 2025, defendant filed a supplemental letter brief arguing that the trial court abused its discretion when it declined to take further action on his section 1172.1 petition. In his statement of appealability, he asserted that "[t]his court should determine the appealability of [defendant's] petition", citing *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*), and noting that we have the power to treat his appeal as a petition for writ of mandate.

## III. DISCUSSION

Defendant's petition was filed under section 1172.1 which grants trial courts discretion under specified circumstances to recall a defendant's sentence and hold a resentencing hearing under current law. We conclude the trial court's decision not to take further action on the petition is not an appealable order and dismiss.

Subdivision (c) of section 1172.1 provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief

3

under this section, the court is not required to respond." Based on this language, several recent decisions have held that the dismissal or denial of a request for resentencing pursuant to section 1172.1 is not an appealable order under section 1237, subdivision (b), which otherwise generally permits appeals from "'any order made after judgment, affecting the substantial rights of the party.'" (*Hodge, supra*, 107 Cal.App.5th at p. 992; *People v. Roy* (2025) 110 Cal.App.5th 991, 995–996; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 693; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045.)

We therefore dismiss the appeal without reaching the merits of defendant's contentions.

## IV.   DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

BAKER, J.

5